IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br><br>This Document Relates to:<br><br>All cases and<br><br>Fuentes v. Philips, #22-130<br>King v. Philips, #24-1693<br>Roberts v. Philips, #23-1027 | )<br>)<br>)<br>)<br>)<br>)<br>) Master Docket: Misc. No. 21-1230<br>)<br>) MDL No. 3014<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

I.    Introduction

Pending before the court are motions to participate by video in the oral arguments on May 6, 2025, filed by plaintiff Derrick King ("King") (ECF No. 3263), and by counsel on behalf of plaintiffs Edwin Fuentes Vazquez ("Fuentes") and Brenda Hernaiz Trinidad ("Trinidad") (ECF No. 3270), and Nathaniel Roberts ("Roberts") (Civ. No. 23-1027, ECF No. 29). The oral arguments involve motions to remand individual personal injury cases to the respective transferor courts. Defendants ("Philips")[1] filed a response (ECF No. 3274), in which they took no position on the motions. King filed a reply (ECF No. 3279). The motions are ripe for decision.

---

[1] The Philips defendants are Koninklijke Philips, N.V., Philips North America LLC, Philips Holding USA, Inc., Philips RS North America LLC and Philips RS North America Holding Corp. For convenience, all the Philips entities will be referred to as "Philips."

II.    <u>Discussion</u>

In accordance with DMO ¶ 10, the Court scheduled oral argument for all remaining remand motions on May 6, 2025, immediately following the status conference.  The court's opinion and order dated March 21, 2025, provided, in relevant part:

> The oral arguments will be in person, unless good cause is shown for the court to hear an argument by video (i.e., the plaintiff is incarcerated).  *See* PTO # 10 (ECF No. 464).  Motions for which no argument is presented in person will be resolved on the briefing.  Counsel shall meet and confer prior to the May 6, 2025, arguments to develop a schedule for each motion and attempt to combine common issues to promote efficiency.

ECF Nos. 3249, 3250.  The plaintiffs articulated that their basis for "good cause" which supports their respective requests to participate by video is the distance to be traveled and the expense to attend the hearing.

The court takes judicial notice that Roberts is located in New Mexico and Fuentes and Trinidad are located in Puerto Rico.  The court infers that the time and expense required for counsel to travel to Pittsburgh, Pennsylvania from those distant locations for the oral argument would impose an undue burden on those plaintiffs.  With that understanding, the court will grant those motions and counsel may appear by video.  The court will circulate log-in information to counsel for those parties.

The court is skeptical that King, who asserts that he joins in the other motions, would be able to establish good cause.  He is not incarcerated and resides in Akron, Ohio, which is only 112 miles from this courthouse.  https://www.google.es/maps/dir/Pittsburgh,+PA/Akron,+OH. The court, however, need not decide whether King showed "good cause," because in his reply he represented "his intention to appear in person at the May 6, 2025 hearing."  (ECF No. 3279 at 2). King's motion, therefore, will be denied as moot, without prejudice to his ability to file a new motion if his circumstances change.

III.    <u>Conclusion</u>

For the reasons set forth above, the motions to participate by video in the oral arguments on May 6, 2025, filed by counsel on behalf of plaintiffs Fuentes and Trinidad (ECF No. 3270), and Roberts (Civ. No. 23-1027, ECF No. 29) will be GRANTED.  Log in information will be provided to those counsel by the court.  The motion to participate by video filed by Derrick King ("King") (ECF No. 3263) will be DENIED AS MOOT, without prejudice.

An appropriate order will be entered.

Dated:  April 15, 2025

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge